```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS


DANIEL LYNCH,
      Plaintiff,


            v.                        CIVIL ACTION NO.
                                      14-10656-MBB

UNITED STATES OF AMERICA,
      Defendant.
```

### ORDER OF DISMISSAL

### March 9, 2017

**BOWLER, U.S.M.J.**

In March 2014, plaintiff Daniel Lynch ("plaintiff"), an inmate at the Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts, filed a pro se complaint asserting a negligence claim against defendant United States of America ("defendant") based on inadequate medical care during his incarceration at FMC Devens.  Defendant filed an answer in July 2014 and, after this court received various discovery responses in September 2014, no activity in this case has occurred.

On January 13, 2017, this court issued a Show Cause Order to plaintiff requiring him to show cause why this case should not be dismissed for want of prosecution no later than February 17, 2017.  The Clerk mailed the Order to plaintiff's address of record and it has not been returned.  To date, plaintiff has not responded to the Order.  The Order explicitly advised plaintiff that a "[f]ailure to comply with this Order may result in the dismissal of this case for want of prosecution."  (Docket Entry #

16).

## DISCUSSION

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002); accord Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) ("to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs'").  Further, "The authority to order dismissal in appropriate cases is a necessary component of that capability."  Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 4.  Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") reinforces and augments this "inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders."  Id.

Dismissal is nonetheless "one of the most draconian sanctions" and ordinarily employed "'only when a plaintiff's misconduct is extreme.'"  Vázquez-Rijos v. Anhang, 654 F.3d at 127 (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). It is customarily appropriate only after the court determines "'that none of the lesser sanctions available'" is appropriate. Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 44 (1st Cir. 2007).  Factors to consider include "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the

operations of the court, and the adequacy of lesser sanctions.'" Id. (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).  It is also appropriate to consider whether the recalcitrant party received notice and an opportunity to be heard.  Id.

Here, the docket evidences no activity since September 2014.  In addition to the protracted inaction, plaintiff disobeyed the Show Cause Order and ignored the warning that a failure to file a response may result in dismissal.  See Vázquez-Rijos v. Anhang, 654 F.3d at 128 ("we have upheld dismissals for 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, [and] contumacious conduct'").  The Show Cause Order afforded plaintiff notice of the possibility of a dismissal and gave him an opportunity to be heard within a defined time period.  See Malot v. Dorado Beach Cottages Associates, 478 F.3d at 44-45.  Although there exists a "'strong presumption in favor of deciding cases on the merits,'" García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010), plaintiff's failure to respond to the Show Cause Order along with the two and a half year period of inaction evidences a lack of interest in prosecuting this action on the merits.  Considering the totality of events, see Vázquez-Rijos v. Anhang, 654 F.3d at 127 ("court 'should consider the totality of events'" when choosing a sanction), including the prejudice to defendant, a Rule 41(b) dismissal without prejudice, as opposed to the more draconian dismissal with prejudice, is warranted.  A final

3

judgment shall issue dismissing this case without prejudice.

                                               /s/ Marianne B. Bowler
                                              **MARIANNE B. BOWLER**
                                              United States Magistrate Judge